IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | |
| LEONA M. POTICHER, | * | Chapter 7 |
|     Debtor | * | |
| | * | Case No.: 1-04-bk-05044 |
| LAWRENCE G. FRANK, Chapter 7 | * | |
| Trustee, | * | |
|     Movant | * | |
| | * | |
| v. | * | |
| | * | |
| LEONA M. POTICHER, | * | |
|     Respondent | * | |

## OPINION

### Procedural and Factual History

Before the Court is the objection of the Chapter 7 Trustee ("the Trustee") to the exemption claimed by Leona Poticher ("Debtor") in the residence she owned as tenant by entirety with her non-debtor husband, now deceased. Debtor's husband died shortly after Debtor filed the instant petition. According to Debtor's schedules, the value of the residence is $66,000.00, approximately $60,000.00 of which is unencumbered. The Trustee seeks to obtain some of this equity for distribution to unsecured creditors. A hearing was held on this matter on January 24, 2005. Briefs have been filed and the matter is ready for decision.[1]

### Discussion

The Bankruptcy Code provides that a debtor may select exemptions under federal bankruptcy law or under non-bankruptcy law, including property exempt from process under state

---

[1] I have jurisdiction to hear this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(2)(A),(I) and (O). This Opinion constitutes the findings of fact and conclusions of law made under Fed. R. Bankr. P. 7052.

1

law. *See* 11 U.S.C. § 522(b). In the instant case, Debtor chose the exemptions available under Pennsylvania law, including the protection afforded to property held as a tenant by the entirety.

Section 522(b)(2)(B) provides that a debtor may exempt

(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

Debtor asserts that she is entitled to claim an exemption in entireties property because her husband was alive at the time she filed her petition, he was not a debtor in the case and she owned her residence on that date as a tenant by the entirety. The trustee does not dispute these facts, but asserts that the death of Debtor's spouse alters the estate and permits the recapture of some value for her creditors.

A debtor's estate is created on the date that a case is commenced under the Bankruptcy Code. 11 U.S.C. § 541(a). The date the case is commenced is also the point at which exemptions from property of the estate are determined. *In re Alexander*, 236 F.3d 431 (8th Cir. 2001). *See also In re Williamson,* 804 F.2d 1355, 1358 (5th Cir.1986) (exempt property is determined as of the filing date of the petition.); *In re Bronner,* 135 B.R. 645, 647 (9th Cir. BAP 1992) ("A debtor's rights in property claimed as exempt are defined on the date the petition is filed."); *In re Kollar,* 218 B.R. 349, 352 -353 (Bankr. E.D. Pa. 1998) (commencement of the case is point at which exemptions are determined); *In re Sajkowski,* 49 B.R. 37, 39 (Bankr. D. R.I. 1985) ("The filing of the bankruptcy petition constitutes the 'line of cleavage' at which exemptions are determined."). These cases fully support Debtor's position that, even though she now owns the property as the sole tenant, she may claim an entireties exemption in her residence because of the nature of her interest in the property on the date the petition was filed.

The Trustee challenges Debtor's position based upon an expansive reading of 11 U.S.C. §541(a)(5). Section 541 defines property of the bankruptcy estate and includes:

> (5) Any interest in property that would have been property of the estate if such interest had been an intererst of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date -
>     (A) by bequest, devise, or inheritance;

11 U.S.C. §541(a)(5).

In his brief, the Trustee is unable to point to any case that directly support his position. Read plainly, Section 541(a)(5) includes in the estate property that a debtor acquires by testamentary gift, not property debtor already owns. "A tenant by the entireties ... does not 'inherit' his co-tenant's interest in the property. Rather, he continues his full ownership of the property alone." *In re Birney*, 200 F.3d 225, 229 (4th Cir. 1999). In *Birney*, the debtor and his wife held their residence by the entireties, and the debtor's wife died less than 180 days after his bankruptcy petition was filed. After Birney received his bankruptcy discharge, a creditor holding a claim against him individually attempted to foreclose on the property. Birney reopened his bankruptcy case and sought a declaratory judgment that the creditor could not reach the property. In relevant part, the Circuit held that the creditor could not reach the property through the bankruptcy estate, rejecting the creditor's argument that "upon Mrs. Birney's death, the basis for exempting the property from the bankruptcy estate lapsed. . . ."*Id*.

I agree with the Fourth Circuit that the trustee may not employ Section 541(a)(5) to draw the property back into the bankruptcy estate. Moreover, Section 522(b) clearly states that "*notwithstanding section 541 of this title*, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) [§522(b)(2)] of this subsection." (Emphasis added.) Thus "[t]he plain language of the statute state[es], in effect, that

3

§522 trumps §541. . . ." *In re Martin*, 269 B.R. 119, 123 (Bankr. M.D. Pa. 2001) (citing *BancOhio National Bank v. Walters,* 724 F.2d 1081, 1083 (4th Cir. 1984)("the exemption provisions ... [are] dominant over the after-acquired inclusion provision of §541."). Accordingly, the Trustee's argument that property exempt under Section 522 can be brought into the estate by Section 541 is without merit.

For all of these reasons, the objection will be overruled. An appropriate order will be issued.

BY THE COURT,

Mary D. France
Bankruptcy Judge

Date: April 18, 2005

*This electronic order is signed and filed on the same date.*

4